Filed 3/4/22  P. v. Henderson CA4/1
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CALEB MARQUAN HENDERSON,<br><br>    Defendant and Appellant. | D076878<br><br><br>(Super. Ct. No. RIF1201399) |

APPEAL from an order of the Superior Court of Riverside County, John D. Molloy, Judge.  Reversed and remanded with directions.

Nancy Olsen, by appointment of the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Meredith S. White and Robin Urbanski, Deputy Attorneys General, for Plaintiff and Respondent.

On July 10, 2019, Henderson filed a petition under Penal Code[1] section 1170.95 and Senate Bill No. 1437 (Stats. 2018, ch.1015) (Senate Bill 1437) to have two attempted murder convictions vacated. The superior court concluded Henderson was ineligible for relief because his convictions are not for felony murder. Henderson appealed, contending section 1170.95 applied to his convictions for attempted murder. We affirmed the denial of the petition, relying on a body of case law that held section 1170.95 and Senate Bill 1437 did not apply to cases such as Henderson's. (*People v. Henderson* (Nov. 13, 2020, D076878) [nonpub. opn.].)

Henderson petitioned for review, and the Supreme Court granted review and transferred the case to this court to reconsider in light of the newly enacted Senate Bill No. 775 (Stats. 2021, ch. 551) (Senate Bill 775), which became effective January 1, 2022.

Having now reconsidered the case, we will reverse the order denying the petition for resentencing and remand the matter to the superior court with directions to hold proceedings consistent with section 1170.95, subdivision (c).

FACTUAL AND PROCEDURAL BACKGROUND

The facts of the underlying matter are not relevant to the legal issue before us. They can be found in Henderson's direct appeal, *People v. Daquan Rashad Branch, et al.* (May 8, 2015, D067450) [nonpub. opn.] (*Branch*):[2]

At Henderson's 2013 trial, the jury was presented with instructions regarding Henderson's liability as a direct aider and abettor. There were no

---

[1] Further section references are to the Penal Code.

[2] We grant defendant's request for judicial notice.

instructions regarding the natural and probable consequences theory. In closing argument, the prosecutor argued a theory of aiding and abetting.

On June 28, 2013, a jury convicted Henderson of two counts of attempted murder (§§ 187, subd. (a), 664) and one count of active participation in a criminal street gang (§ 186.22, subd. (a).) The jury found true two gang- and firearms-related enhancements as to each attempted murder count, but found that he did not personally and intentionally discharge a firearm. (§§ 186.22, subd. (b) & 12022.53, subds. (d), (e)(1).) It also found not true that Henderson's attempted murders were willful, deliberate, and premeditated.

The court sentenced Henderson to 50 years to life in prison plus 27 years and 8 months. We affirmed the conviction on direct appeal in *Branch*, and the Supreme Court denied review in September 2015.

On July 10, 2019, Henderson filed a petition in superior court to have his attempted murder convictions vacated and to be resentenced under section 1170.95 and Senate Bill 1437. The People filed an opposition explaining Henderson was ineligible for relief under section 1170.95 because he was not convicted of murder. The court appointed counsel to Henderson, and Henderson filed a reply, asserting the applicability of Senate Bill 1437 to his case.

Following a hearing in November 2019, the superior court dismissed the case, citing *People v. Lopez* (2019) 38 Cal.App.5th 1087, review granted November 13, 2019, S258175 (*Lopez*) and *People v. Munoz* (2019) 39 Cal.App.5th 738, review granted November 26, 2019, S258234 (*Munoz*),

3

cases which were subsequently transferred to the Courts of Appeal with directions to vacate[3] and which each concluded Senate Bill 1437 does not apply to the offense of attempted murder.

Henderson timely appealed, and this court affirmed the denial of the petition, relying on a body of case law that held section 1170.95 and Senate Bill 1437 did not apply to cases such as Henderson's.  (*People v. Henderson, supra,* D076878.)

Henderson petitioned for review, and the Supreme Court granted the petition, then it transferred the case to this court to reconsider in light of the newly enacted Senate Bill 775, which became effective January 1, 2022.  We requested and received supplemental briefs on the impact of Senate Bill 775 on this case.

DISCUSSION

A.  Legal Principles

Effective January 1, 2019, Senate Bill 1437 eliminated liability for murder under the felony murder and natural and probable consequences doctrines.  (§§ 188, subd. (a)(3) & 189, subd. (e); *People v. Anthony* (2019) 32 Cal.App.5th 1102, 1147 (*Anthony*).)

Senate Bill 1437 addressed aspects of felony murder and the natural and probable consequences doctrine, "redefin[ing] 'malice' in section 188.  Now, to be convicted of murder, a principal must act with malice aforethought; malice can no long 'be imputed to a person based solely on his or her participation in a crime.'  (§ 188, subd. (a)(3).)"  (*In re R.G.* (2019) 35 Cal.App.5th 141, 144 .)  Senate Bill 1437 also amended section 189 by adding subdivision (e), which states that a participant in the target felony who did

---

3      *Lopez* and *Munoz* have been rendered "depublished" or "unciteable." (See Cal. Rules of Court, rule 8.1115(e)(3).)

not actually commit a killing is nonetheless liable for murder if he or she aided, abetted, or assisted the actual killer in first degree murder or was a major participant in the target crime and acted with reckless indifference to human life. (§ 189, subd. (e)(2)-(3).) The result is that Senate Bill 1437 "ensure[s] that murder liability is not imposed on a person who is not the actual killer, did not act with intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (*Anthony, supra,* 32 Cal.App.5th at p. 1147.)

Section 1170.95, subdivision (c) provides: "Within 60 days after service of a petition that meets the requirements set forth in subdivision (b), the prosecutor shall file and serve a response. The petitioner may file and serve a reply within 30 days after the prosecutor's response is served. These deadlines shall be extended for good cause. After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so."

When a trial court reviews a petition for resentencing, the court first determines if the petitioner has shown a prima facie case for relief under the statute. If so, the court must issue an OSC and hold an evidentiary hearing on the petition. (*People v. Lewis* (2021) 11 Cal.5th 952, 962.) However, the court may deny the petition if the person is ineligible as a matter of law. (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980-981.) The court may review the record of conviction, including any prior appellate opinion, to determine if the petitioner's allegations are rebutted

5

by the record. (*Lewis*, at p. 972.) However, the court may not engage in factfinding and weighing credibility at the prima facie stage of petition review. (*Drayton*, at pp. 979-980.)

Prior to the enactment of Senate Bill 775, courts were divided over the question of whether a person convicted of attempted murder was eligible for resentencing under Senate Bill 1437 and section 1170.95. (*People v. Alaybue* (2020) 51 Cal.App.5th 207, 222.) Senate Bill 775 addresses this conflict. The Legislature's stated purpose, in part, in enacting Senate Bill 775 was to clarify that "that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Stats. 2021, ch. 551, § 1.)

B. Analysis

In their supplemental briefs, the parties recognize that in light of Senate Bill 775, the potential for resentencing under section 1170.95 applies to certain individuals convicted of attempted murder. However, the Attorney General argues remand is not appropriate here because Henderson was convicted of attempted murder under a still-valid theory of direct aiding and abetting, not the natural and probable consequences doctrine, rendering him ineligible for resentencing under section 1170.95.

The trial court did not consider the theory under which Henderson was convicted of attempted murder. The People did not argue before the trial court that Henderson failed to meet his prima facie burden because he was not found guilty under a still-valid theory; it argued that the petition did not meet the prima facie requirements because Henderson was not convicted of

6

murder.[4] The court based its denial of the petition on Henderson's conviction for attempted murder and not murder. It did not address the theory of liability.

Senate Bill 775 has clarified that denying a petition based on a conviction for attempted murder is no longer a correct reason to deny a section 1170.95 petition. But Henderson has not had an opportunity to demonstrate he can meet his prima facie burden based on the theory of conviction. Henderson must have an opportunity to make a prima facie showing that his conviction for attempted murder falls within the provisions of section 1170.95. Accordingly, we will reverse the trial court's order denying the petition and remand the matter to the trial court with instructions to conduct further proceedings to determine if a prima facie case for relief has been shown, as required by the statute. (See § 1170.95, subds. (c), (d)(1) & (3).)

### DISPOSITION

The order denying Henderson's petition for resentencing under section 1170.95 is reversed. The matter is remanded to the superior court with directions to conduct further proceedings consistent with the views

---

[4] The People also challenged the constitutionality of Senate Bill 1437.

expressed in this opinion.  We express no opinion regarding the appropriate outcome.

HUFFMAN, Acting P. J.

WE CONCUR:


IRION, J.


DO, J.